(110 So. 894)

No. 26236.

## JOHNSON v. CONGREGATION DAUGHTERS OF THE CROSS.

(Nov. 29, 1926. Rehearing Denied Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

Adverse possession ⟐13—Prescription; title by prescription arises on open, physical possession for more than 31 years (Civ. Code, arts. 942, 943, 3493, 3494, 3496, 3499, 3500, 3503, 3505).

Under Civ. Code, arts. 942, 943, 3493, 3494, 3496, 3499, 3500, 3503, 3505, title by prescription arises on holding in open, physical possession for period of more than 31 years, during which time land was under fence, and used for pasturage purposes.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Action by J. N. Johnson against the Congregation Daughters of the Cross. Judgment of nonsuit, and plaintiff appeals and defendant answers appeal, requesting absolute rejection of plaintiff's demands. Judgment set aside, and plaintiff's demands rejected.

George Thurber, of Shreveport, for appellant.

Frank J. Looney, J. M. Foster, and Slattery & Slattery, all of Shreveport, for appellee.

ROGERS, J. This is a petitory action in which plaintiff claims to be the owner of a certain triangular portion of ground in possession of the defendant, in the city of Shreveport. The land in dispute is alleged to be all that part of lot 12 of the Fairfield Subdivision, Caddo parish, lying south and east of the Norris Ferry road (St. Vincent's avenue). Plaintiff's title is founded upon an act of sale executed by Moore, trustee of Thomas L. Hammett, bankrupt, before Thurber, notary, on October 7, 1922.

Defendant denied that any part of said land lies south and east of the Norris Ferry road. It averred that it had inherited the property in dispute from Reverend J. N. Roulleaux, who had acquired it in 1901 by purchase from Mrs. Josie Hooker, the daughter and sole heir of Mrs. Adelia R. Harris; that Mrs. Harris had possession of the property from 1869 under a deed from the succession of L. Newberger, and her daughter, Mrs. Hooker, had possession of it until the sale to Father Roulleaux; that Father Roulleaux was in possession from the date of his purchase until his death, and thereafter the

property has been in possession of defendant. In the alternative, defendant pleaded the prescription of 10 and 30 years as a bar to plaintiff's right of recovery.

The court below nonsuited plaintiff, who appealed. Defendant has answered the appeal, asking that plaintiff's demands be rejected absolutely and unconditionally.

The view we take of this case dispenses with the necessity of checking the description and measurements contained in the various deeds and proceedings constituting the chains of title of the parties. Defendant alleged, and the evidence clearly shows, that Mrs. Harris and Mrs. Hooker, her daughter and sole heir, as owners, were in open, actual, physical, and public possession of the property in dispute from September 24, 1869, until April 12, 1901, a period of more than 31 years. During this period the land was under fence, and was in use for pasturage and other purposes. Since April 12, 1901, the possession has been in Father Roulleaux and the defendant, as his universal legatee.

At the date of the sale to Father Roulleaux his vendor, Mrs. Hooker, by virtue of the possession of her mother, continued in herself, had title to the property in dispute by the prescription of 30 years. Civ. Code, arts. 3493, 3494, 3496, 942, 943, 3499, 3500, 3503, 3505.

It cannot concern plaintiff whether the small piece of land which he claims was included in the deed to Father Roulleaux. If not, the title is still in Mrs. Hooker. In either case, the present action must fail, since defendant has shown an outstanding title superior to the one plaintiff is attempting to assert.

Our conclusion is that plaintiff's demands should be wholly rejected as prayed for in defendant's answer to his appeal.

For the reasons assigned, the judgment appealed from is set aside, and plaintiff's demands are rejected, at his costs.