**RANGER LAND CO., Inc., v. STORY.**

**No. 2209.**

Court of Appeal of Louisiana. First Circuit.

March 4, 1941.

Decree Amended on Rehearing
April 14, 1941.

See 1 So.2d 410.

S. S. Reid, of Amite, and Dart & Dart and Louis C. Guidry, all of New Orleans, for appellant.

Ellis & Bostick, of Amite, for appellee.

OTT, Judge.

Plaintiff alleges its ownership of the N.E. ¼ of S.W. ¼ of Section 25, Township 4 South of Range 7 East, in Tangipahoa Parish and deraigns its chain of title through various owners back to the United States Government. It is further alleged in the petition that the defendant has the actual physical possession of said property and has, without any right or title to do so, cut and removed from said land timber to the value of $800. The prayer of the petition is for recognition of plaintiff's ownership of said land, ordering defendant to restore possession thereof to it and for judgment against the defendant for the value of the timber cut from said land. (Other persons besides H. David Story were originally made defendants with him, but as they entered a disclaimer of any interest in the property, said Story is the real and only defendant).

Story filed a plea of prescription of thirty years, alleging that he had been in the open, public, continuous, notorious and unequivocal possession of said land as owner for more than thirty years. This plea was sustained and plaintiff's suit dismissed. From this judgment of dismissal, plaintiff has appealed.

The defendant testified that he bought this land from a Mr. Ford more than fifty years ago, had it surveyed and put a fence around the entire tract, except an acre or so in the northeast corner; that he cleared and cultivated part of the land and used the remainder under fence for a pasture, and built a house on it in the northwest corner; that he cut timber on the land thirty-five or forty years ago and sold it to a Mr. Eldridge who operated a saw mill in the neighborhood at that time, and later sold other timber off the land to a Mr. Coney; that he lived on the place for several years and has since rented it to various tenants who have lived on the land and cultivated the field, and he has paid taxes on the land every year, except the year in which the suit was filed.

While the defendant claims to have bought·the property from Mr. Ford around 1887 or 1888 and moved on the place about that time and fenced it, he is not relying on a title to support his ownership but is relying entirely on the plea of prescription of thirty years. He testified that he first put a rail fence around the property, but this fence kept burning up, and he then put a wire fence around the place. On being asked how long this property was enclosed by a fence or part of a fence, he replied: "I don't know. Must have been twenty five years, I should say. Thirty years, I should say."

We find that no less than five neighbors of the defendant, men ranging in age from sixty-four to seventy-nine years, testified that the defendant had a fence around all of this tract, except a small piece in the northeast corner, more than forty years ago. Several of these aged men helped the defendant roll logs on the land more than forty years ago, and they all say that no one else has ever had possession of this land during that time other than the defendant. The fence around the place on the east side followed an old road known as the Dykes road, and one of these witnesses, Mr. Addison, testified that no longer than four or five years ago he saw signs of this old fence, old wire and post, on the east line of the forty, and another witness, Mr. Hayden, says that he saw the fence there on this east side along this old road about 15 years ago. Mr. Lee testified that the fence has been gone from the east side for ten or twelve years.

Some ten or fifteen acres of the land have been in cultivation more or less regularly by the defendant or his tenants for fifty years or more. Other parts of the forty were also in cultivation for several years as indicated by signs of an old field, and the fact that the timber was cut from the land by the defendant as he testified is indicated by a second growth of timber which some of the witnesses estimate to be from twenty to thirty years old.

While it does not appear just how long the fence remained around all of the forty (except the small piece in the northeast corner), it appears that signs of this fence in the way of old·wire and posts could be seen on the east line only a few years before the trial. This fact, coupled with the testimony of the defendant that the fence remained around the tract some thirty years when the wire fence was taken up by a tenant and used to fence the part of the field in cultivation, leads us to conclude that the tract was fenced at least forty years ago and that the fence remained around the forty for twenty-five or thirty years and after the wire fence was removed from the east part of the land, there remained visible signs of this old fence for several years thereafter and up to only a few years before the trial.

The defendant took actual corporeal possession of the tract of land (except the small piece in the northeast corner) not later than the year 1890. That possession was continued thereafter for more than thirty years by the use of part of the land for farming, pasturage, cutting timber and in exercising all the usual acts of ownership common to that type of land. The defendant's use and possession of the land was not disturbed, and his ownership of the land was perfected by the prescription of thirty years not later than the year 1920.

While the possession necessary to acquire ownership of land under the prescription of thirty years must be continuous and uninterrupted during all the time, yet when this possession has commenced with the corporeal possession of the land, it may, if not interrupted, be. preserved by external and public signs, announcing the possessor's intention to preserve his possession, such as the keeping up of roads and levees, and by vestiges of works placed on the property of which the remains of a fence built by the possessor and old fields formerly cultivated by him would be external and public signs. Civil Code, Articles 3501 and 3502; Croom et al. v. Noel et al., 143 La. 189, 78 So. 442.

The plaintiff seems to contend that it was necessary for the defendant to show that the land was enclosed by him and remained under fence for thirty years or more.· We do not so understand the law. Where there is a corporeal possession by enclosure and use of the land enclosed and there is no disturbance of the possession, the corporeal possession thus begun may be continued by external and public signs indicating an intention on the part of the possessor to retain his possession. Obviously, the use of the land for a pasture, cutting timber on the land, paying taxes on it and exercising the acts of ownership usual to such land, with no indication of an intention on the part of the possessor to abandon his possession, were sufficient acts to indicate the intention of the possessor to continue his corporeal possession as owner.

His possession merged into ownership not later than the year 1920, and there is no evidence to show that his possession of the land was ever disturbed by anyone nor did he at any time either before or after his possession ripened into ownership remain out of possession for any period of time, and certainly not for a sufficient time for another to acquire a title by prescription. Thibodeaux v. Bonnabel Land Co., Inc., et al., 171 La. 639, 131 So. 833; Johnson v. Congregation Daughters of the Cross, 162 La. 657, 110 So. 894.

Our conclusion is that the defendant has shown the necessary possession of the forty to acquire a title to all of it by the prescription of thirty years, except the small piece in the northeast corner lying east of the old Dykes road. As to that small tract, he has not shown the requisite possession to acquire the ownership of it by this prescription. It does not appear that the defendant has cut any timber on this small tract and, of course, is not liable for any damages to plaintiff therefor.

For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby amended by sustaining the plea of prescription filed by the defendant and decreeing him to be the owner of the N.E. ¼ of S.W. ¼ of Section 25, Township 4 South of Range 7 East, in Tangipahoa Parish, except that part in the northeast corner thereof lying east of the old Dykes road; and as thus amended, the judgment is affirmed. The defendant and appellee to pay the cost of the appeal, and the plaintiff and appellant to pay all other cost.