This is a petitory action involving the Northwest Quarter (NW 1/4) of the Southeast Quarter (SE 1/4) of Section 33, Town-ship 4, South of Range 10, East, situated in the Parish of St. Tammany. Plaintiff sets up its title deraigned from Eli Richardson, who patented the property from the United States' Government. In 1914, there was constructed a public road running northwest to southeast, across the property the eastern portion containing 20.60 acres and the western portion containing 15.10 acres. The plaintiff alleges that defendant is in possession of two disconnected portions of the western portion of the property without any title and without *Page 287 
any right to remain in possession thereof. The defense is the prescription of thirty years.
The trial of the case resulted in a judgment in favor of the plaintiff and against the defendant recognizing the plaintiff as owner of all of that property which is east of the public road, and a further judgment in favor of the defendant and against the plaintiff, recognizing the defendant as owner of all the property which is west of the said public road. Defendant has appealed. Plaintiff has answered the appeal, praying that the judgment be reversed and it be recognized as the owner of the entire tract. In the alternative, it prays that the judgment be amended by reducing the ownership of defendant to a small area of land immediately surrounding defendant's dwelling house.
There is no dispute as to the chain of titles under which the plaintiff claims the ownership of the property, and the discussion is therefore restricted to the question of prescription.
"The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith." Revised Civil Code, Article 3499. "The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner." Revised Civil Code, Article 3500. "The possession necessary for this species of prescription, when it has commenced by the corporal possession of the thing, may, if it has not been interrupted, be preserved by external and public signs, announcing the possessor's intention to preserve the possession of the thing, as the keeping up of roads and levees, the payment of taxes, and other similar acts." Revised Civil Code, Article 3501. "A man may even retain the civil possession of an estate, sufficient to prescribe, so long as there remain on it any vestiges of works erected by him, as, for example, the ruins of a house." Revised Civil Code, Article 3502. "How favorable soever prescription may be, it shall be restricted within just limits. Thus, in the prescription of thirty years, which is acquired without title, it extends only to that which has been actually possessed by the person pleading it." Revised Civil Code, Article 3503.
[1] From the testimony in this case, it is established that in the year 1902, Eli Richardson, a brother of defendant, was the owner of the property involved in this litigation. At that time he was residing thereon and had all of the property under a rail fence or enclosure. In the year 1902 Richardson moved away and abandoned the property to the defendant and never returned. The defendant from then on assumed the ownership of the property, continued to reside on the property, cultivated the whole thereof, sold timber therefrom in 1903, kept up the fences thereon until the year 1914, when a public road was built across the property. Thereafter, she abandoned the keeping up of the fence on the east side of the road, because she was unable to keep it up. There were fires nearly every year, burning the sap and portion of the trees. Due to the abandonment of the fence, the fence deteriorated and rotted. However, there was evidence of the fence as late as 1936. As to the west side of the road, the evidence is conclusive that defendant actually and physically remained in possession of the property until this suit was filed.
[2] Thus, it can readily be stated that certainly in 1903, when defendant sold some of the standing timber to a nearby sawmill, she was actually and physically in possession of the entire tract as owner. She assumed the ownership of the entire property which was then under enclosure. So, when her actual possession without title so began, the boundaries of her possession were fixed and that possession contained under the Articles of the Civil Code quoted supra.
[3] Counsel for plaintiff contends that defendant cannot be said to have been in possession as owner since she moved on the property, resided with her brother and recognized her brother as the title holder. His argument is based on Articles 3489 and 3490 of the Revised Civil Code. It is true that under Article 3489 when a person's possession commenced for another, it is supposed to continue always under the *Page 288 
same title, unless there be proof to the contrary; and it further provided by Article 3490 that the circumstance of having been in possession by the permission or through the indulgence of another person, gives neither legal possession nor the right of prescribing. The evidence in this case shows that defendant did move on the property in 1902, with the permission and consent of her brother and resided with him. However, if we understand the contention of defendant correctly, she is not laying her foundation of her prescriptive plea on her possession dating from the time that she so moved on the property. The evidence further shows, however, that about one year after she had moved to reside with her brother, her brother abandoned the property and left it to her to do with it whatever she desired, and never returned to reclaim the property. The abandonment of the property by Richardson is further shown by the property being sold at Sheriff's sale in 1904 by a creditor of Eli Richardson. She assumed the ownership of the property after the abandonment of her brother to her, which was in 1903, and her plea of prescription is based on that possession so obtained from that date. It can be safely said therefore that there was a change in the nature of defendant's possession by the permission and consent of her brother, Eli, Richardson, the title owner. This change in possession is clearly demonstrated by the defendant taking the physical possession and management of the property, and by the selling of the standing timber thereon in 1903 to a nearby sawmill. The selling of this timber by the defendant showed a change of possession by an external act, which is sufficient to give a beginning to the prescriptive period.
The plaintiff quotes and relies on the cases of Jackson v. Jones, 14 La. Ann. 230, and of Neel v. Hibard, 30 La. Ann. 808, in the Jackson-Jones case, the plea of prescription was filed by the lessees of plaintiffs. In the Neel-Hibard case, the plaintiff was the wife of the agent of the defendant's son from whom defendant had inherited the property of which plaintiff claimed to be in possession. The cases are clearly inapposite to the case at bar.
The next contention of plaintiff is that the running of prescription has been interrupted under the provisions of Revised Civil Code, Article 3520, which reads as follows: "Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribed."
[4] In this connection, plaintiff contends that the construction of the road across the property was an interruption of the running of prescription. The evidence shows that the former public road was about a mile cast of the tract of land. The record does not show what authority constructed this road. In 1914, the State of Louisiana had not yet adopted a system of roads or highways. It necessarily must have been constructed by the Parish of St. Tammany, through its Police Jury. The evidence does not show from whom the right of way was acquired. In so far as we know, defendant may have given permission to construct the road. It was beneficial to her to have the road through her property rather than have the road about a mile away. She has not, in any way that we can see, acknowledged the title in another by her acquiescence in the construction of the road across the property.
[5] Plaintiff further contends that defendant acknowledged the title to be in another by her allowing the cutting of timber in 1924. The record discloses that on May 21, 1924, W. B. Thompson Co., for a consideration of $2500, cash, sold to John H. Cassidy, all of the timber of whatever kind, lying, standing or being on three tracts of land, and the first of which is the land in controversy. The purchaser was given seven years within which to remove the timber. There is no evidence in the record to show if and when Cassidy attempted to cut and remove any timber from this tract of land, the place of his operation, any, the extent of his operation, the amount of timber removed, and the date of his termination of his operation, if any. In this connection we have only the following (questions and answers of defendant on cross-examination):
"Q. Do you know Mr. Cassidy, in Bogalusa? A. No, Sir. *Page 289 
"Q. He cut timber there in 1924 or 1925; did you say anything to him at that time? A. No sir.
"Q. Why did you not protest at that time? A. I believe my thirty years was not up.
"Q. Then you knew it was Thompson's land? A. No sir.
"Q. You did not say anything to Mr. Cassidy and the men cutting the timber? A. No, Sir, there was not much there to cut. The timber was gone."
Under the meager evidence, we are, like the trial judge, of the opinion that there was no interruption of prescription. The evidence does not show any acknowledgment of the right of the person whose title defendant prescribed.
[6] Plaintiff cites and relies on the case of City of New Orleans v. Shakspeare et al., 39 La. Ann. 1033, 3 So. 346, 348. The mere reading of the case clearly shows that it is inapposite to the case at bar. In that case, long before the thirty years period was up, defendants at divers times, acknowledged ownership of the property in the City of New Orleans. In fact, defendants, at one time, sought to lease the property from the city. After reviewing the facts of this case, the Supreme Court said:
"We do not mean to hold that knowledge or belief that title is in another of itself defeats the prescription of 30 years; but such knowledge or belief, when accompanied by acts or conduct indicating acknowledgment of the adverse title, justifies the legal conclusion that the party pleading that prescription did not claim to be owner, and that his possession is not under the title of owner.
"From defendants' whole conduct, as explained by their own testimony, it appears clearly to our minds that they never lost sight of the city's superior and exclusive right of ownership of the ground which they occupied, to which they admittedly subordinated their right of possession. Now the title of ownership is a unit, indivisible in its nature between two hostile or adverse claims to the same right, and as ownership in one person is absolutely incompatible, and cannot co-exist, with ownership of the same thing in another person, it follows that defendant's possession was avowedly not under the title of ownership. Thus their case is stripped of one of the essential and indispensable conditions which must characterize the possession on which the prescription of 30 years is founded."
[7] Suffice it to say that the facts in the instant case are far apart from those of the New Orleans-Shakspeare case. For more than forty years, in fact ever since 1903, the defendant has held the property in possession uninterruptedly, openly, publicly, unequivocally, in the character of owner. Never since then had she acknowledged the ownership in any one else. She has always maintained the position that she was holding the possession of the property as owner and for herself for more than the prescriptive period of thirty years.
The third and last contention of the plaintiff is that if the defendant has acquired any portion of the property in question by adverse possession, then she is entitled to that part only which she has held enclosed for thirty years. We had the same contention in the case of Ranger Land Co. v. Story, La. App., 200 So. 649; Id., La. App., 1 So.2d 410.
[8] We held that the enclosure of the land by having the lines run and a fence placed around it was such corporeal possession as is required by Article 3501, and when such actual possession without title begins by enclosure, the boundaries of his possession are therefore fixed and the party so possessing may even retain the civil possession of said property, sufficient to prescribe, so long as there remains on it any vestiges of works erected by him.
We do not find any of plaintiff's contentions tenable under the facts in this case.
The trial judge, after passing on the facts and the law and after coming practically to the same conclusion as we, states, in his reasons for judgment: "Certainly, in this case there is abundant evidence in the inception of the possession that the property was enclosed; that it was subsequently cultivated for a period of about *Page 290 
eleven years; that two houses were built thereon; that dry kilns were also constructed on the property and that defendant has lived on the property during all of the intervening years. Certainly, these acts constitute possession, when coupled with the original possession by enclosure, sufficient to prescribe.
"I am, however, of the opinion that even though this defendant actually held the continuous and uninterrupted possession of the property west of the highway for a period of more than thirty years, that she failed to so hold the property east of the highway. There are only a few instances of where she has been on this property since the year 1914, at the time she quit cultivating it and I do not think it is sufficient to constitute an announcement of her intention to preserve her possession of the property east of the highway in conformity with Article 3501, of the Revised Civil Code."
[9] We are in full accord with the finding and conclusion of the trial judge save that portion dealing with the property on the east side of the road or highway. As to that we disagree with him. His holding is in conflict with both the facts and the law as reviewed by us supra, particularly in conflict with our decision in the case of Ranger Land Co. v. Story, Story. He must have overlooked the evidence to the effect that there were evidences of the fence as late as 1936. Pine knots were removed and then the stumps and then tar was made on this east side. To hold as the trial judge did, we would have to hold that she abandoned her possession and that civil possession of the property did not continue in defendant. We find no evidence in the record to justify such a conclusion. We therefore conclude that the plea of prescription should have been sustained as to the entire property and not merely for a portion.
For these reasons assigned, it is ordered that the judgment appealed from is annulled, avoided and reversed. It is now ordered that there be judgment in favor of defendant and against plaintiff sustaining defendant's plea of thirty years prescription, and dismissing plaintiff's suit.
It is further ordered, adjudged and decreed that there be judgment in favor of defendant, Josephine Cyprian, and against the plaintiff, Succession of William B. Thompson, recognizing the defendant, Josephine Cyprian, to be the owner of the Northwest Quarter (NW 1/4) of the Southeast Quarter (SE 1/4) of Section 33, Township 4, South of Range 10, East, situated in the Parish of St. Tammany (save that portion thereof comprising the public road intersecting the said property).
It is further ordered that plaintiff pay all costs.