CULPEPPER, Judge.
The plaintiff husband filed suit for divorce on the grounds of two years voluntary separation. Defendant wife answered admitting the two years separation, but she filed a reconventional demand asking for (1) custody of the two minor children, (2) permanent alimony for herself and said children, and (3) judgment in the sum of $699 representing the amount unpaid on a previous judgment for alimony pendente lite. Judgment was rendered granting the husband a divorce on the grounds of two years separation, giving the wife custody of the two minor children, awarding alimony in the sum of $50 per month for the children, and awarding the wife $699 for the accrued alimony pendente lite. The lower court refused to award any permanent alimony for the wife. The defendant wife appealed, asking an increase in the alimony for the two children and asking that she be awarded permanent alimony for her own support.
The sole issues presented on appeal are (1) has the wife proved herself to be free of fault so as to be entitled to alimony under the provisions of LSA-C.C. Art. 160, and (2) should the award of $50 per month alimony for the two minor children be increased.
The facts show that this young couple were married on June 6, 1959 and, from the very day of the wedding, plaintiff and his wife’s relatives began to have trouble. At the wedding party the wife’s brother was arrested for provoking a fight with the plaintiff. As the trial judge pointed out in his written opinion: “The evidence shows clearly that plaintiff and his wife’s relations were not on good terms. * * * That is why he did not want his in-laws to be at his house as much as they were.” The wife’s own mother testified they visited in the home of plaintiff and defendant “two and three times a week or more.” It was the trial judge’s conclusion that this ill feeling between the husband and the wife’s family was the basic cause of the marital difficulties, rather than the husband’s alleged acts of cruelty toward the wife.
The wife contends that the plaintiff’s cruel treatment of her made their living together insupportable and justified her abandoning the plaintiff on March 8, 1961. She testified that plaintiff struck her several times; that he cursed her; that he accused her of infidelity; that he tried to make her take medicine to keep from having their second *279 child; that he objected to her seeing her family and that finally, on the day of their separation, he struck and bruised her arm. No one else saw or heard these alleged acts of cruelty. The trial judge concluded: “She is altogether uncorroborated, and the court does not believe the charges made by her.”
On the other hand, the evidence shows clearly that on the day of their separation, March 8, 1961, while plaintiff was away at work, the defendant phoned her family who came and assisted her in moving all of her personal belongings and most of the community household effects to the home of defendant’s mother and father. Defendant admitted that she left without any intention of returning. This constituted an abandonment. As regards the bruise on defendant’s arm, her father and mother testified it was a large bruise, but the deputy sheriff who was present on the occasion said it was about the size of a “dime”. The trial judge did not believe that the bruise had been inflicted by the plaintiff, who denied ever having struck his wife.
Under the circumstances we must accept the finding of fact of the trial judge who saw and heard the witnesses and was in a better position than the appellate court to judge their veracity. The record does not show manifest error.
Having failed to carry her burden of proof that she was free of fault, the wife is not entitled to alimony for her own support. LSA-C.C. Art. 160.
However, we think the trial court’s award of $50 per month alimony for the two minor children, ages three years and eighteen months, respectively, should be increased. Plaintiff’s net income as a railroad employee is $250 to $300 per month. We think an award of $40 per month per child, or a total or $80 per month, is more in keeping with the needs of the children and the ability of the father to pay.
For the reasons assigned, the judgment appealed is amended so as to increase the alimony for the support and maintenance for the two minor children from $50 per month to $80 per month. Otherwise than as herein amended the judgment is affirmed.
Amended and affirmed.