FRUGÉ, Judge.
Plaintiff brought this suit against defendant Gillen Oil Field Service, Inc., and its-insurer to recover for workmen’s compensation payments made by plaintiff to Francis H. Boyer.
Francis H. Boyer was employed as. drilling superintendent for Richey Drilling and Well Service. Defendant Gillen Oil' Field Service, Inc., contracted with Richey to assist in the erection and setting up of an oil well drilling rig in Jefferson Davis. Parish. In performing the contract it was. necessary to move to the site and install, two heavy mud tanks. The two tanks had to be connected one to the other by a pipe which was approximately sixty inches long. Gillen moved one tank on the edge of the-drilling rig. In attempting to insure that the second tank would be within the re-, quired sixty inches from the first tank,. Boyer went between the two tanks. At that time one end of the second tank was-resting on the ground and one end was suspended by a winch truck about one and' a half feet from the ground in a swinging-position. When Boyer was satisfied that, the proper distance existed between the two tanks he ordered that the second tank be dropped. Instead of the tank going-straight down, it swung toward the other- *697 tank and Boyer was squeezed between the tanks.
Plaintiff, compensation insurer for Richey, paid Boyer a total of $2,053.05 in workmen’s compensation payments. Thereafter plaintiff brought this suit against Gillen and its insurer to recover the amount •of these compensation payments under the provisions of LSA-R.S. 23:1101-23:1103, contending that the accident resulted from the negligence of Gillen. Boyer filed a petition in intervention, praying for damages sustained as a result of the accident. The district court rendered a judgment for defendants and dismissed the suit. From this judgment plaintiff and intervenor appeal.
Plaintiff and intervenor contend that the accident resulted from Gillen’s negligence .and that Gillen should therefore pay for the damages sustained by the accident. Defendants, on the other hand, maintain that there was no negligence on their part; in the alternative, defendants argue that even if Gillen were negligent, plaintiff and intervenor are still barred from recovery because of Boyer’s contributory negligence.
The trial court found no negligence on the part of Gillen proximately causing the accident. The trial court further stated that even if Gillen were negligent, Boyer was contributorily negligent. Our reading of the record convinces us that the trial judge was not erroneous in his conclusions. The record clearly shows that it was Boyer’s actions which brought on the accident, not those of any of Gillen’s employees.
Gillen had a foreman on the job when the tanks were being moved. However, Boyer had supervision over the entire operation as he was Richey’s drilling superintendent. Boyer testified that he felt it necessary to go between the tanks to take the measurements, particularly since it would have taken longer and would have been more costly for his employer to do it any other way. However, testimony of other witnesses familiar with moving tanks shows that although the method used by Boyer in going between the tanks to measure the distance might have been less expensive, such a practice was also dangerous and not in line with the usual safety practices in taking such a measurement. Experts testified as to methods of taking such measurements used by others which are more in line with safe practices. Boyer had been doing this type of work for several years. Surely he was acquainted with what practices were safe and which were not in this type of operation. He simply did not use reasonable care under the circumstances.
Plaintiff contends that the trial court was erroneous in assessing plaintiff the costs of this suit. It argues that costs should be assessed against intervenor, or, in any event, one-half to it and one-half to intervenor. The court has great discretion in assessing costs. It may assess costs against any party as it may consider equitable. LSA-Code of Civil Procedure Art. 1920. In the present case we can find no abuse of discretion by the trial court in assessing costs to the plaintiff.
Plaintiff also takes the position that the $25.00 fees assessed for medical witnesses whose written reports were filed was not justifiable. We agree with plaintiff. These $25.00 fees should not have been granted. See Theunissen v. Guidry, La.App. (3rd Cir.), 151 So.2d 499 (Concurring opinion by Judge Culpepper).
For the foregoing reasons the judgment of the district court is amended to delete the award of $25.00 each to the medical witnesses whose written reports were filed in evidence. In all other respects the judgment of the district court is affirmed. Appellants are assessed costs of this appeal
Amended and affirmed.