175 So.2d 902 (1965)
Ella CHAISSON, Plaintiff-Appellant,
v.
Whitley DOMINGUE, Defendant-Appellee.
No. 1423.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1965.
*903 Simon & Trice, by Phil Trice, Lafayette, for plaintiff-appellant.
Albert Karre, Lafayette, for defendant-appellee.
Before FRUGE, HOOD and CULPEPPER, JJ.
FRUGE, Judge.
The parties to this suit were divorced by judgment of December 16, 1958. At that time alimony and child support was fixed by stipulation at $60.00 per month, but was soon afterward reduced on motion of defendant to $50.00 per month. The present action was brought by Ella Chaisson, the former wife of Whitley Domingue, seeking an executory judgment as to past due alimony and praying that the amount of alimony be increased. Defendant Whitley Domingue moved to terminate the plaintiff's right to alimony. After trial on the rule, judgment was rendered terminating plaintiff's alimony and fixing child support for plaintiff's eighteen year old son at $15.00 per month. Past due alimony was computed to be $223.00. Plaintiff takes this appeal.
*904 The trial judge terminated plaintiff's alimony for the reason that she no longer could be considered as being in need. In so finding, the trial judge relied on the fact that plaintiff was employed in a canning factory and was earning on an average approximately $40.00 per week. Although this work was seasonal, the factory operating about six months a year, there is no indication that plaintiff could not obtain employment elsewhere during the off-season. She had worked as a waitress previous to her employment in the canning factory.
Defendant Whitley Domingue, now remarried and the father of a child by the second marriage, is a city employee with net earnings of $201.00 per month. The record suggests that both he and plaintiff, Ella Chaisson, may derive some other income from immovable property formerly held by the community that existed between them, but the extent of such income is not disclosed.
The record is entirely devoid of any evidence concerning the necessary expenses of either party, but in this instance it may be assumed that with such modest incomes there is little surplusage after all necessary expenditures are met.
Under these facts we do not believe the trial judge has erred in terminating alimony due plaintiff. Her income, although not large, is only slightly less than that of her former husband.
The fixing of child support due plaintiff for the benefit of her minor son, Russell James Domingue, at $15.00 per month raises a more serious problem.
Defendant discontinued regular payments of $50.00 per month after Russell reached his eighteenth birthday. He did so in the belief that his son was then able to obtain employment and make his own livelihood. At that time Russell was not attending school, having voluntarily "dropped out" about a year and a half previously. There is evidence that defendant sought employment for his son but that Russell either refused to accept work or did not take advantage of an interview arranged for him. There is, however, testimony by the mother, which apparently did not impress the trial judge, that her son was physically disabled from working. This testimony indicated that Russell, when a small child, had incurred a severe burn on his back, from which he had never completely recovered. There is, however, no medical testimony concerning this injury.
The support due by a father to his children has as its basis Louisiana Civil Code Article 227, which provides that this obligation is incurred by both parents by the very act of marrying. The amount of this support, commonly referred to as alimony, is determined by taking into consideration the needs of the person who claims it and the means of the person by whom it is owed. LSA-C.C. Art. 231; Lytell v. Lytell, La.App. 4th Cir., 144 So.2d 925. Each case dealing with alimony must necessarily be determined by its own peculiar facts; Harris v. Harris, La.App. 3rd Cir., 127 So.2d 747.
No authority has been cited by counsel in brief, nor has our search through the Louisiana jurisprudence revealed any case relieving a father of the responsibility of supporting his minor child because of that child's potential ability to earn his own livelihood. Where the minor has actually obtained employment or entered the armed forces, it may well be that alimony would no longer be due because of an absence of need. See Lawrence v. Lawrence, La.App. 4th Cir., 167 So.2d 414. In the instant case, the minor son was not employed, however, and it is not entirely clear that he could have obtained employment. By fixing the support for Russell James Domingue at the meager amount of $15.00 per month, the trial court in effect has relieved the defendant of much of his duty to support his minor son. In doing so, we believe the district court has erred.
*905 In the case of Carpenter v. Carpenter, La.App.2d Cir., 129 So.2d 474, where the father was in worse financial straits than is Mr. Domingue, the court, in fixing child support at $30.00 per month, noted that this was "apparently a minimum for the support of a minor." This court, in the case of Gautreaux v. Hebert, La.App. 3rd Cir., 158 So.2d 277, found inadequate the sum of $50.00 for the support of two small children of a railroad employee earning $250-$300 per month, and accordingly raised the support award to $80.00 per month.
We believe a support award of $30.00 per month for the benefit of Russell James Domingue will be adequate and an obligation which can be met by the defendant.
Defendant made his last payment of alimony on April 22, 1964. The trial judge concluded that since alimony payments are customarily made in advance, the defendant was delinquent in payment as of May 22, 1964. Past due alimony was then computed, as of October 13, 1964, to be $233.00, subject to a credit of $10.00.
Plaintiff's contention that alimony was actually due as of May 15, 1964, is unsupported by any proof and is therefore rejected. We do, however, believe that there was error in allowing the $10.00 credit.
Defendant testified that he gave his son the $10.00 on May 1, 1964. In allowing credit for this amount, the court cited Hebert v. Hebert, La.App. 3rd Cir., 159 So.2d 537. This case, however, is authority for the contrary proposition in that it recognizes the rights of the wife to past due alimony fixed by judgment, even where the children were in the father's custody and entirely supported by him during that period. Allowance of the $10.00 in the instant case was erroneous and therefore the credit will be disallowed.
LSA-C.C.P. Art. 1920 vests in the trial court much discretion in assessing costs. In the exercise of this discretion, it may assess costs against any party as it may consider equitable. Liberty Mutual Ins. Co. v. Gillen Oil Field Service, Inc., La.App. 3rd Cir., 164 So.2d 695. We find no abuse of the trial court's discretion in assessing one-half of the costs to each party.
For the reasons set forth herein, the judgment of the district court is amended to increase the amount of child support payable to plaintiff for the benefit of Russell James Domingue to $30.00. The judgment is further amended to fix the amount of past due alimony at $233.00, and as amended the judgment is affirmed. Defendant, Whitley Domingue, shall pay the cost of this appeal.
Amended and affirmed.