SARTAIN, Judge.
These consolidated law suits are petitory actions involving three parallel tracts of property of similar width and depth in Section 18, Township 10 South, Range 3 East of the Southeastern District of Louisiana.
On January 7, 1966, Scofield Delatte, owner of the westernmost tract of these three, all of which front upon Louisiana Highway 431, locally known as the Brittany Road in the Parish of Ascension, filed a petitory action claiming that Clifton Petit, his immediate neighbor to the east, had located his fence upon De-latte’s property to such an extent that the petitioner was being deprived of a strip some 90 feet wide by the full southerly depth of Delatte’s tract. To that petition, Petit entered pleas of thirty year prescription under Civil Code Articles 3499 and 852.
In chain-reaction order, Petit, on March 10, 1967, filed a petitory action against his parallel and adjacent neighbor to the east, Harvey C. Templet, alleging that Templet’s fence was encroaching upon Pet-it’s property for some 82 front feet by the entire southerly depth of his tract. By way of answer, Templet interjected several pleas of prescription including those of thirty years mentioned above.
It is clear that fences presently exist as visible bounds between the Delatte-Petit tracts and the Petit-Templet properties. Delatte acquired his property from one W. M. Lilly, a witness in this matter, in September, 1954. It seems that, at the time of his acquisition, Delatte was informed that some of his land was on the other side of Petit’s fence. Some years later, as a result of a survey made of his property, that suspicion was confirmed. Discussions were later had between Delatte and Petit relative to the movement of the fence in an easterly direction onto the Petit estate; it seems that negotiations were also had between Petit and Templet for a smilar eastern movement of their fence onto the Templet tract.
*735 These attempts to amicably settle the matter failed, however, when it became obvious to them that if the Petit-Templet fence would be moved the same distance eastward as the Delatte-Petit fence, its new location would run through the Tem-plet residence.
Petit and Templet, as defendants in these consolidated actions, resist the movement of these fences as they are apparently satisfied with their present location. Indeed, it appears that Petit initiated his action' against Templet only out of an abundance of precaution, should it have been found that Delatte would prevail in his suit to gain property presently possessed by Petit.
Following a trial on the merits, the district judge rendered judgment in favor of the defendants in each suit. Although neither written nor oral reasons were assigned it is apparent that the decisions in effect sustained the defendants’ respective pleas of prescription. In addition the judge a quo assessed all costs in these proceedings to Delatte with the exception of one expert witness fee, namely, Mr. Joffrion, which was divided equally among all parties. Delatte and Petit have appealed. We find no manifest error on the part of the trial judge as to the result reached by him in each of these cases and affirm said judgments.
The defendants herein have relied primarily upon their pleas of thirty years prescription, as provided in Civil Code Article 8S2. These pleas are founded upon their contention that the barbed wire fences which presently divide them from their respective plaintiffs have been in place for at least thirty years and that they and their predecessors in title have maintained uninterrupted possession to those fences for at least that period of time.
As neither Petit nor Templet have owner their tracts for thirty years, we are principally concerned with whether they can “tack” the possession of previous owners and, if they can, whether there has been actual possession within visible boundaries by themselves and their ancestors in title for the requisite period.
Civil Code Article 852 provides as follows :
“Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may he transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.”
Although Article 852, supra, relates in general to disputed boundaries, it it now well settled that the prescriptive period therein provided may be pleaded in defense of a petitory action. Ponder v. Fussell, 180 So.2d 413 (La.App. 1st Cir. 1965); Sattler v. Pellichino, 71 So.2d 689 (La.App. 1st Cir. 1954); Stanford v. Robertson, 144 So.2d 747 (La.App. 3d Cir. 1962).
In Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957) the Supreme Court of this state set forth the criteria necessary for the successful reliance upon this article :
“Clearly, the now well-established rule, as a result of our codal provisions and the cited authorities, is that where there is a visible boundary which has been in existence for thirty years or more and the defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of pre *736 scription of thirty years should be sustained. It is our view that for the rule to be applicable two conditions must concur : First, there must be a visible boundary, artificial or otherwise; second, there must be actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds. * * * ”
Since Opdenwyer v. Brown, 155 La. 617, 99 So. 482 (1924) it has also been clear that under the provisions of this article, the tacking of successive possessions up to the established visible bounds between two estates is permitted, whether or not the land in dispute is included within the title description of the party claiming prescription.
Clifton Petit acquired some twenty acres from Monroe Templet on January 31, 1945. Ostensibly, he was purchasing the land which he presently occupies. The evidence indicates with a great degree of certainty that, as of that date, fences were in place for the full depth of the property, exactly as they are today.
Mr. Petit testified that he has farmed, raised cattle, and personally lived on the property since his acquisition and that he has used the full width and depth of the property, up to the fences, since that time. This testimony stands virtually un-contradicted in the record. It is the period of years before Petit’s purchase upon which the major disagreement lies.
As for the fence separating Delatte and Petit, the testimony in the record is overwhelmingly to the effect that it has been a visible boundary for at least thirty years, that it has been in the same place for all of those years, and that previous owners have possessed and worked the land to that fence for many years before Petit’s acquisition.
Monroe Templet, Petit’s ancestor in title, affirmed the fact that the fence had been in place since 1933 when he acquired the property. He related that he farmed the entire tract just as Petit has done. Simon Arceneaux and J. P. Bercegeay, both residents for many years in the community, testified that the fence was in place as far back as Monroe Templet’s acquisition. We fail to find that any other testimony contradicts these clear and positive assertions. We therefore conclude that Petit’s plea of thirty year prescription in the action initiated by Delatte must be sustained.
Counsel for plaintiff Delatte has suggested that because there is some indication that the Petit property may have been totally vacant for a short period of time, that such would constitute an interruption of possession sufficient to nullify Petit’s plea of prescription. The clear import of the testimony is to the effect that if there were such a vacant period, the corporeal possession remained undisturbed. As noted in Robertson v. Morgan, 116 So.2d 141 (La.App. 1st Cir. 1959):
“The exercise of exclusive grazing privileges over the land, accompanied by the maintenance of the enclosures, constituted by itself corporeal possession over the entire tract. See Hebert v. Chargois, La.App. 1 Cir., 106 So.2d 15. Aside from this circumstance, the exercise as owner of acts of physical possession of an enclosed tract (such as by building a dipping vat, road, and watering pond thereupon) constitutes a taking of possession of all that is included within the limits evidenced by the enclosures. LSA-C.C. Art. 3437; Hill v. Richey, 221 La. 402, 59 So.2d 434; Thompson’s Succession v. Cyprian, La.App. 1 Cir., 34 So.2d 285; Ranger Land Co. v. Story, La.App. 1 Cir., 200 So. 649.
“With regard to plaintiff’s second contention that the adverse possession was not continuous, the cited cases likewise illustrate that corporeal possession thus commenced is preserved and presumed to continue (unless interrupted by the *737 possession of another) so long as there remain vestiges of works erected upon the property by the possessor, even though the enclosures themselves deteriorate. See also, LSA-C.C. Arts. 3442, 3501, 3502. (However, the remains of the enclosures should be sufficient to fix the limits of the property possessed. Sattler v. Pellichino, La.App. 1 Cir., 71 So.2d 689).”
See also Snellings v. Lutz, 219 So.2d 781 (La.App. 2d Cir. 1969); Civil Code Article 3433. The record discloses no interruption of the presumed corporeal possession.
In the Petit-Templet suit, it appears that the plea of prescription under Article 852 cannot be sustained based on the location of their common fence as the testimony is hopelessly irreconcilable as to the date of construction of the fence existing between those two estates. Simon Ar-ceneaux positively stated that this fence was in existence and running the entire distance of the property as early as 1936. However, Monroe Templet, who actually took part in the construction of the fence as Petit’s ancestor in title, recalled that the fence was erected in the late thirties possibly as recently as 1940. Indeed, it seems entirely probable that the fence was not in existence for thirty years prior to the 1967 filing of Petit’s suit.
However, the evidence preponderates that Harvey Templet and his ancestors in title, Ivy R. Hurst and the Hurst heirs, had possessed to the site of the present fence for more than the required period even though no visible bounds were present. The provisions of Civil Code Article 3499 are as follows:
“The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith.”
In connection with the articles just cited, we also note the provisions of Civil Code Articles 3493 and 3494:
“Art. 3493. The possessor is allowed to make the sum of possession necessary to prescribe, by adding to his own possession that of his author, in whatever manner he may have succeeded him, whether by an universal or particular, a lucrative or an onerous title.”
“Art. 3494. By the word author in the preceding article, is understood the person from whom another derives his right, whether by a universal title, as by succession, or by particular title, as by sale, by donation, or any other title, onerous or gratuitous.
“Thus, in every species of prescription, the possession of the heir may be joined to that of the ancestor, and the possession of the buyer to that of the seller.”
There being privity of title between Harvy Templet and his vendors, the heirs of Ivy R. Hurst, Templet may “tack” to the possession of those predecessors to perfect title under the prescriptive period of Civil Code Article 3499. See Noel v. Jumonville Pipe & Machinery Co., 245 La. 324, 158 So.2d 179 (1963).
Appellant, Delatte, also specifies as error the determination by the trier of fact that all costs should be assessed to him with the exception of the expert witness fee of the surveyor, James R. Joffrion, which was to be split among all three parties. Under the circumstances here involved, we find no inequity in the assessment made by the court below. Absent such a finding, the ruling by the trial court will not be disturbed. LSA-C.C.P. Art. 1920; Chaisson v. Domingue, 175 So.2d 902 (La.App. 3d Cir. 1965).
For the reasons set forth herein, the judgment of the district court is affirmed in all respects, costs of this appeal to be divided among the two appellants.
Affirmed.