MILLER, Judge.
Plaintiff Richard B. Rogers appeals the jury verdict dismissing his claim for personal injuries on finding he assumed the risk of riding with a drunken driver. Defendants are Marion Murphy and his insurer Government Employees Insurance Company. Rogers contends the jury’s factual determinations are not supported by the record, and that is the sole issue. We affirm.
Rogers was riding in the right front seat when the southbound 1969 Dodge Charger suddenly veered to the left, crossed the northbound lane of Kirkman Street and struck a utility pole situated near the northeast corner of Kirkman and Cherry Hill streets. The accident occurred about 2:30 a.m. after both Rogers and the other guest passenger had expressed a desire to go home. A few minutes before the accident, the driver said he was wide awake and wanted to continue driving around Lake Charles. Rogers and the guest passenger were asleep when the accident occurred.
The driver testified he went to sleep while driving and lost control of the car. He was arrested on the charge of D.W.I., and a year later pled guilty to that charge. When arrested the driver refused to take the breathalizer test. He thought he couldn’t pass it because his brother, a probation officer, had told him a person would fail the test if he had consumed two beers. Since the driver drank three beers around 8 p.m. and another about 1:30 a.m., he decided against taking the test. The driver explained his guilty plea by stating he couldn’t afford to employ a lawyer to defend him. The driver paid his $200 fine.
A guest passenger who voluntarily accompanies an intoxicated driver cannot recover for injuries received in an accident the cause of which is attributed to the driver’s consumption of intoxicants. Marcotte v. Travelers Insurance Company, 258 La. 989, 249 So.2d 105 (1971); Evans v. Louisiana Farm Bureau, 291 So.2d 865 (La.App. 3 Cir. 1974).
Rogers contends the trial jury erred in finding 1) the driver was under the influence of intoxicating beverages, 2) that Rogers knew the driver was under the influence, and 3) the accident was caused by the driver having been under the influence of alcoholic beverages.
Rogers had been with the driver and other guest passenger from 7 p.m. until the accident occurred at 2:30 the following morning. All three admitted their evening started and ended by drinking beer, but testified both Rogers and the driver consumed only four beers during that period. “As far as they could recall,” no other drinking of alcoholic beverages occurred. All agreed the driver was not under the influence when he drove the car during the four hours preceding the accident. All the driving was on the city streets in Lake Charles and the witnesses could not account for their activities during a substantial part of that time. One witness thought they had stopped several times at quick service stores that sold alcoholic beverages. In deciding credibility the jury had reason to be impressed by the fact that all three continuously conditioned their testimony by stating it was at best they could *546 recall. Their recollection of other events of the evening was established to be faulty, and their opportunities to buy more drinks was established to a certainty.
Rogers argues the arresting officer’s recollection of the arrest was limited to information in his arrest report which noted only that the driver was having difficulty walking and speaking after the accident. Rogers suggests the accident alone would cause difficulty walking and speaking. This argument is rejected because both the driver and guest passenger testified the driver was not injured in the accident. Furthermore the officer explained he would not have required the breathalizer test and arrested the driver for D.W.I. unless there were more reasons than were contained in his report to cause him to suspect drunken driving.
On the entire record, and particularly the driver’s refusal to take the breathalizer test together with his D.W.I. guilty plea which occurred a year later, we fail to find manifest error in the trial jury’s factual determinations.
Where evidence is before the trier of fact which, upon a reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, the appellate court should not disturb this factual finding absent manifest error. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even' though the appellate court may believe its own evaluations and inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Bertrand v. Aetna Casualty & Surety Company, 306 So.2d 343 (La.App. 3 Cir. 1975).
The trial court judgment based on the jury verdict is affirmed at appellant’s costs.
Affirmed.