MILLER, Judge.
Plaintiff appellant Mary McNeal Constance appeals the unanimous jury verdict dismissing her claim for damages sustained when her vehicle was rear-ended by the uninsured overtaking vehicle operated by defendant Buford Smith’s minor daughter. Defendant Commercial Union Insurance Company carried uninsured motorist protection covering occupants of the Constance vehicle. We affirm.
After dark on the dry cloudy night of December 5, 1974, the accident occurred in Avoyelles Parish on the north south blacktopped two lane Louisiana Highway 107 approximately 1.4 miles north of Effie. Both vehicles were northbound in their proper lane a few moments before impact. There were no hills or other obstructions to obscure visibility.
Mrs. Constance and her witnesses testified she was driving north and slowing to turn into her private driveway when she was struck from the rear. Miss Smith’s version was that the Constance car backed onto the highway from the Constance driveway directly into her northbound lane at a time when she could not avoid the collision.
The trial jury unanimously rejected plaintiff’s version and accepted defendant’s. There is sufficient evidence in the record upon which the jury could have based its findings.
When evidence is before the trier of fact which, upon a reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, the appellate court should not disturb this finding absent manifest error. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may believe its own evaluations and inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Landry v. City of Lafayette, 324 So.2d 550 (La.App. 3rd Cir., 1975); Rogers v. Murphy, 324 So.2d 544 (La.App. 3rd Cir., 1975); LaCour v. Colonial Life & Accident Insurance Co., 324 So.2d 458 (La. App. 3rd Cir., 1975); Vaughn v. Earthly, 313 So.2d 347 (La.App. 3rd Cir., 1975); Bertrand v. Aetna Casualty & Surety Company, 306 So.2d 343 (La.App. 3rd Cir., 1975).
Appellant having failed to establish manifest error in the jury determination, the trial court judgment is affirmed at appellant’s costs.
Affirmed.