336 So.2d 1054 (1976)
Joseph Elie LALANDE, Plaintiff-Appellee,
v.
INDEX GEOPHYSICAL SURVEY CORPORATION et al., Defendants-Appellees,
v.
TRAVELERS INSURANCE COMPANY, Intervenor-Appellant.
No. 5546.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1976.
*1055 Pugh, Boudreaux & Gachassin by Nicholas Gachassin, Jr., Lafayette, for intervenor-appellant.
Domengeaux & Wright by Terry E. Theriot, McBride & Brewster by Robert R. McBride, Lafayette, for plaintiff-appellee.
Davidson, Meaux, Onebane & Donohoe by V. Farley Sonnier, Lafayette, Caffery, Duhe & Davis by Jerry A. Oubre, New Iberia, for defendants-appellees.
Before HOOD, CULPEPPER and MILLER, JJ.
MILLER, Judge.
Intervenor, Travelers Insurance Company, is the workmen's compensation insurer of Seismic Services, Inc. Travelers appeals the judgment rejecting its claim for reimbursement of workmen's compensation benefits paid as a result of the serious injuries sustained by plaintiff Joseph Lalande and the death of plaintiff Paul Doucet; both were employees of Seismic Services. Seismic Services and its principal, index Geophysical Survey Corporation, together with their executive officers settled the executive officer claims against them for $260,000. In the settlement agreements plaintiffs undertook to defend Seismic Services and Index against Travelers' claims for reimbursement; if their defense failed, plaintiffs agreed to pay Travelers out of their settlements. We affirm the trial court's finding that Travelers' claim is barred by Lalande's and Doucet's contributory negligence.
This case was consolidated for trial and appeal with Doucet v. Index Geophysical Survey Corporation, 336 So.2d 1058 (# 5547, La.App. 3 Cir. 1976). We are this date handing down a separate opinion in that case.
Seismic Services employed Joseph Lalande and Paul Doucet as a drilling crew to work in conjunction with Index Geophysical Survey Corporation's seismographic crew. Lalande and Doucet were working as driller's helper and driller respectively. Index's employees, Gauthier and Pitre, worked as "shooter" and crew manager respectively. Pitre monitored the blasts in a recording truck some two miles away. Before the accident, four or five one-pound charges had been exploded in one hole at a depth of 70 to 80 feet. While preparing for the next explosion to be set in the same hole or during that explosion, Lalande and Doucet were severely injured in the blast.
Doucet sustained gruesome abdominal injuries which resulted in his death two weeks after the accident. Lalande's face was split open; he lost his right eye; the bone structure around his right eye was completely crushed; numerous foreign particles were removed from his skull; he suffered a herniated cervical disc or discs and numerous puncture wounds of his entire body. He is totally and permanently disabled, and severely disfigured.
Travelers paid workmen's compensation benefits to Lalande and the widow of Doucet. About a year after the accident Lalande and the widow of Doucet sued Seismic Services and Index together with their executive officers, seeking $750,000 for Lalande's injuries and $750,000 for Doucet's death. Although Travelers had not filed suit against the alleged tortfeasors, as permitted by LSA-R.S. 23:1101, Travelers intervened seeking reimbursement by preference of all workmen's compensation benefits paid.
The lawsuits against the third-party tortfeasors were consolidated for trial. On the day of trial Lalande and the widow of Doucet settled with the insurers of the executive officers of Seismic Services and Index; each plaintiff received $130,000. As part of the compromises, plaintiffs agreed "to indemnify, hold harmless, take over and defend any lawsuits and pay all costs and expenses necessary to defend any and all claims, including the intervention of Travelers Insurance Company for compensation and medical benefits paid." Each plaintiff *1056 deposited $30,000 of the settlement to be available to pay Travelers in the event Travelers was successful in its suit against Seismic Services' and Index's executive officers.
As the trial court noted at Tr. 200, it is ironic that plaintiffs each receive substantially larger damages because of their own negligence.
Intervenor appellant, Travelers, alleges errors which raise these issues: 1) Should the trial court have rendered judgment to Travelers (awarding it reimbursement of the workmen's compensation benefits it has paid and will pay because of the accident) immediately after plaintiffs settled the case and prior to trial? 2) Did the trial court err in accepting allegedly biased testimony of Lalande and finding Doucet and Lalande contributorily negligent? 3) Did the court err in allowing plaintiffs' counsel to participate in the litigation after plaintiffs had settled their cases?

EFFECT OF COMPROMISE ON INTERVENTION
Under LSA-R.S. 23:1101-3, the employer who intervenes in an employee's tort action pending against a third party has a preference in any judgment for reimbursement of compensation benefits paid. However, a compromise is not a judgment. In a compromise, claimant accepts less than the full damages suffered. Crabtree v. Bethlehem Steel Corporation, 284 So.2d 545 (La.1973); Verbois v. Howard, 322 So.2d 110 (La.1975).
The right to compromise a claim against a third party belongs to the injured employee, or his beneficiaries, and does not require the assent of the employer or its workmen's compensation carrier; the sums recovered by way of compromise belong to the employee. Compromise is not an adjudication of the third party's legal liability, nor even evidence thereof. Intervenor's remedy is to pursue his claim against the third party. See 48 Tul.L.Rev. 763 (1974). The trial court correctly rejected Travelers' claim for judgment immediately after settlement and before trial.

THE FINDING OF CONTRIBUTORY NEGLIGENCE
We here consider the contention that Lalande and Doucet were not negligent and the contention that executive officers of Seismic Services and/or Index were solely and proximately responsible for the accident.
Travelers contends the sole legal cause of the accident was the failure of defendant executive officers to provide anchors to keep the explosives at a certain depth. There is conflicting evidence concerning the need for anchors and the contention that the explosive surfaced prior to the accident.
Several safety rules were violated by Lalande and Doucet. They were ten to twenty feet from the blasting hole when they should have been at least seventy-five feet away; prior to blasting they were required to remove the loading poles some 25 to 30 feet from the hole, and shattered loading poles were right by the hole after the blast; shattered pieces of the poles caused Lalande's and Doucet's serious injuries. Additionally, there is an indication that Lalande and Doucet had more then one charge in the area at the time of the blast and this was a violation of well-understood safety rules.
While there is conflicting testimony concerning the actual positions of the victims prior to and after the blast, the evidence establishes violations of well-known safety procedures in 1) stacking the loading poles, 2) removing more than one charge at a time from the steel magazine, and 3) carelessly standing too close to the blast area. This evidence supports the trial court finding of negligence on the part of the victims and that their negligence was a legal cause of the injuries. There is no manifest error in the trial court's evaluation of the witnesses' credibility and the finding of contributory negligence.
*1057 When evidence is before the trier of fact which, upon a reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, the appellate court should not disturb this finding absent manifest error, even though the appellate court may believe its own evaluations and inferences are as reasonable. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Constance v. Smith, 326 So.2d 905 at 906 (La.App. 3 Cir. 1976).
Contributory negligence of the injured employee bars recovery by the intervenor-employer for workmen's compensation benefits paid to that employee. Tri-State Insurance Co. v. Tidewater Trailer Mfg. Co., 312 So.2d 353 (La.App. 2 Cir. 1975); Liberty Mutual Insurance Company v. Gillen Oil Field Service, Inc., 164 So.2d 695 (La.App. 3 Cir. 1964). The rights of an employer to recover compensation benefits paid to an employee for injuries received in an accident are contingent on the employee's right to recover from the third party. Bell v. Carolina Casualty Insurance Co., 227 So.2d 171 (La.App. 2 Cir. 1969).
We distinguish Vidrine v. Michigan Millers Mutual Insurance Co., 263 La. 300, 268 So.2d 233 (1972). In Vidrine the court held an employer may recover workmen's compensation benefits paid its injured non-negligent employee from a third party tortfeasor, even if the employer himself negligently contributed to the accident (by imputation of the negligence of a fellow employee). In the present case, the injured employees were found to be negligent; their own negligence bars recovery from their employer's executive officers. This in turn bars Travelers from recovering workmen's compensation benefits from the alleged third party tortfeasors.
The equity of the alleged double recovery has been considered by Wex S. Malone, The Work of the Louisiana Appellate Courts for the 1972-73 Term, Workmen's Compensation, 34 La.L.Rev. 354 at 363 (1974). The employee is not getting a double recovery when he compromises his tort claim and continues to receive compensation benefits, because the compromise does not fully compensate him for his loss; the compensation benefits merely augment the money obtained in the compromise to more fully compensate the injured employee. Roberson v. Fontenot Petroleum Co., Inc., 322 So.2d 287 (La.App. 1 Cir. 1975).

DEFENSE OF INTERVENTION BY COUNSEL FOR ORIGINAL PLAINTIFFS
In the compromise agreement between plaintiffs and the insurers of the executive officers, plaintiffs agreed to hold the executive officers and their insurers harmless from Travelers' claims; they agreed to have their counsel defend the suit. Intervenor has cited no authority to prevent this. As to the privileged information held by plaintiffs' counsel because of their previous representation of Lalande and the widow of Doucet, this privilege was waived by the terms of the compromise agreement. The original plaintiffs were before the court in an effort to increase their recovery by proving Lalande's and Doucet's contributory negligence. The attorney-client privilege is for the benefit of the client, and can be waived by the client. Pugh, Louisiana Evidence Law, 159 (1974). The former client may expressly or tacitly waive his objection and consent to his former counsel now representing a party with interests adverse to those involved in the lawyer's former representation of him. Brasseaux v. Girouard, 214 So.2d 401 (La.App. 3 Cir. 1968).
The trial court judgment is affirmed at appellant's costs.
AFFIRMED.
HOOD, J., dissents, being of the opinion that intervenor, Travelers Insurance Company, is entitled to recover.