BOUTALL, Judge.
This is a petitory action in which plaintiff asserts title ownership of a tract of land against a party in possession. The defendant answered and reconvened claiming to be owner both under a prior title to a *962 portion of the land and under 30 year acquisitive prescription possession. The trial court recognized the defendant to be the owner. We affirm.
The property in question was originally obtained by Jacques (Numa) Montz through a partition amongst the Montz heirs. The two lots at issue, Nos. 1 and 2, adjoin each other and form an irregular parallelogram measuring approximately 65 feet front along the River Road widening to approximately 85. feet in the rear over a depth of slightly in excess of 1000 feet. By act of sale dated June 30, 1911, Montz sold to Mack Hamilton a portion of the land “commencing at Two Hundred and Sixty-three feet from the base of the levee and measuring Two Hundred and Twenty-five feet in depth”, with a right of way along the upper side line in order to permit communications with the road and the levee. By act of sale dated September 10,1976, the Succession of Jacques (Numa) Montz sold to Earnest August, Jr., the property at issue less and except the portion sold to Mack Hamilton. Earnest August, Jr. brings this petitory action against the present possessors, Willie Hamilton (child of Mack Hamilton) and his wife Isabella to establish title to those portions of Lots 1 and 2 not previously sold to Mack Hamilton. Alternatively, he sues the Montz heirs for rescission of the sale with return of purchase price and damages. The trial court on the issue of ownership recognized Willie Hamilton to be the owner and found the following:
“A preponderance of the evidence substantiated defendant’s claim that defendant’s father acquired valid title to a portion of the land on June 30, 1911, and that thereafter and for a period in excess of thirty years defendant’s father and defendant took corporeal possession of the whole tract. This possession was peaceful, open, physical, continuous and uninterrupted. This possession was exercised as owners of the whole tract adverse to the world and this possession and ownership was not contested nor disturbed for a period in excess of thirty years.”
The evidence substantiates these findings. It is apparent that some time shortly after the purchase of a portion of the property in 1911, Mack Hamilton moved upon the property and built a house there. Mack’s son, Willie, the defendant, who was 61 years of age at time of trial in 1978 was born in that house in 1918. Willie and his father farmed the land together all the way down to 1938; during most of this time there was a fence across the property along the road as well as 2 line fences running all of the way to the rear. In 1938 Mack moved a short distance from this property but the farming continued within their fenced area, and the property was visited by them nearly every day in connection with their farming. Willie testified that he was only off the property approximately one year and that in 1943 he got married and moved back on the property with his wife, and has farmed it ever since. He not only farmed the entire property and kept up the fences during that period, but he also cleared the land, hauled sand and filling onto the property to keep it up, and after his father died in 1951, he built a new house in front of the old one for him and his wife. The evidence establishes that he actively farmed the property and appeared to possess it as owner in undisturbed possession down to the time of the act of sale to plaintiff in 1976.
We conclude that the evidence shows sufficient exercise of the corporeal possession of the property, as well as the intention of possessing as owner as provided by Civil Code Article 3436. Willie believed that his father owned the land and- that the ownership continued in him. Willie’s possession alone from 1943 satisfies the requirements of Civil Code Article 3499 providing for the acquisitive prescription of immovable property by thirty years possession without any need of title or possession in good faith, and of Article 3500 that the possession must be continuous and uninterrupted. See Hill v. Richey et al., 221 La. 402, 59 So.2d 434 (La.1952); Harris v. Galloway, 348 So.2d 1263 (La.App. 2d Cir. 1977). We further point out that under the evi *963 dence the short period during which neither Mack nor Willie Hamilton lived on the land did not constitute an interruption. They still continued to exercise possession by their almost every day farming of the land. Under these circumstances, the possession that they exercised previously is presumed to continue until it was either physically interrupted or abandoned. See Louisiana Civil Code Articles 3442, 3443, 3444, 3501 and 3502. See also Liner v. Louisiana Land & Exploration Company, 319 So.2d 766 (La.1975); Delatte v. Petit, 252 So.2d 733 (La.App. 1st Cir. 1971).
We pass now to appellant’s alternative contention against his vendor, that in addition to rescission of the sale and return of the purchase price, he should be awarded attorney’s fees in the amount of $1,000. He refers to Civil Code Articles 2531 and 2452 as permitting their recovery. We see nothing in these articles that require the payment of attorney’s fees as damages by a seller who knew less about the possession of the thing sold than did his purchaser.
For the reasons above assigned, the judgment is affirmed.

AFFIRMED.